United States District Court
Southern District of Texas
**ENTERED**
August 26, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FAUSTINO OVALLE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-337 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Faustino Ovalle is an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") and is currently incarcerated at the Darrington Unit in Rosharon, Texas. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on November 4, 2019. (D.E. 1). The subject of the petition are Petitioner's 2012 San Patricio County convictions for aggravated assault.[1]

On April 14, 2020, the undersigned entered an M & R recommending the Court grant Respondent's Motion to Dismiss, dismissing Petitioner's case as time barred. (D.E. 16). In his Petition and in his Response to the Motion to Dismiss, Petitioner asserted he was actually innocent, which would warrant an equitable exception to the limitations period. However, the undersigned recommended Petitioner failed to meet the actual innocence standard. The M & R was adopted and final judgment was entered on May 29,

---

[1] The undersigned's April 14, 2020 Memorandum and Recommendation ("M & R") contains a factual and procedural background and will not be repeated here at length. (D.E. 16).

2020.  (D.E. 18 and D.E. 19).  Petitioner appealed this decision on June 16, 2020.  (D.E. 20).  The United States Court of Appeals for the Fifth Circuit denied his request for a certificate of appealability on July 8, 2021, finding Petitioner failed to make "a substantial showing of the denial of a constitutional right." (D.E. 26); 28 U.S.C. § 2253(c)(2).  The Fifth Circuit determined Petitioner failed to sufficiently explain the untimeliness of his § 2254 petition, specifically noting Petitioner had argued he was entitled to equitable tolling because he is actually innocent.

On July 30, 2021, Petitioner filed the pending Motion for Reconsideration seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(6).  (D.E. 27).  For the reasons stated below, the undersigned **RECOMMENDS** the Court **DENY** Petitioner's Motion.

Under Rule 60(b)(6), the Court may relieve a party from a final judgment for any reason that justifies relief.  Reviewing all Petitioner's arguments in light of Federal Rule of Civil Procedure 60(b)(6), the undersigned recommends to the Court that Petitioner is not entitled to relief.  As determined by the Fifth Circuit, Petitioner entirely fails to provide a sufficient reason for the untimeliness of his § 2254 petition, raising many of the same arguments as he did in his petition, response to the motion for summary judgment and in his appeal.  Petitioner has not shown exceptional circumstances justifying relief from judgment.  In short, it appears he is impermissibly attempting to use Rule 60(b) to remedy his own failure to file a timely § 2254 petition based on legal arguments of which he has long been aware and which have previously been considered and denied by not only this Court but also the Fifth Circuit, including his claims of actual innocence.

As stated in the undersigned's M &R, a petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."  *Id*.; *See also Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling.  *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

Additionally, to the extent Petitioner now asserts his state habeas counsel is responsible for any delay, "[P]etitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation."  *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("Our cases hold that 'ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings.") (citations omitted).  "The act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition."  *Id*. ("Because pro se petitioners are expected to comply with AEDPA's statute of limitations, it would be unfair to expect less from petitioners who are represented by counsel.") (citation omitted).  Here, while it appears Petitioner retained counsel to file a state habeas petition in early 2015, Petitioner submits a letter he wrote to

this counsel dated March 2017 requesting an update on when the state habeas petition would be filed.  (D.E. 27-1, Pages 1-2).  Petitioner then waited over an additional year for his state habeas counsel to file a state habeas application on June 21, 2018.  (D.E. 10-21 and D.E. 10-29, Page 11). Equitable tolling requires a petitioner to show he acted with reasonable diligence during the time period he seeks to toll.  *Manning*, 688 F.3d at 185; *Holland*, 560 U.S. at 653-54.  Petitioner did not act with due diligence waiting for over three years for his counsel to file a state habeas application, well past the AEDPA deadline for filing a federal habeas petition.  *Manning*, 688 F.3d at 187 (Nothing prevented Petitioner from hiring a different attorney or representing himself and Petitioner's "attorneys' failure to provide meaningful representation does not excuse an extended period of inactivity" of 19 months).

For the reasons stated above, the undersigned **RECOMMENDS** the Court **DENY** Petitioner's Motion for Relief from Judgment.  (D.E. 27).

Respectfully submitted this 26th day of August, 2021.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).